IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JUDITH A. MASSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:14-CV-03382-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Judith Masse seeks judicial review of the Commissioner of Social Security's denial of her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of migraines, eczema, bipolar disorder and anxiety disorder, but retained the residual functional capacity ("RFC") to perform work as an office helper or non-postal mail clerk.

After carefully reviewing the record and the parties' arguments, the Court holds the ALJ's decision is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Factual and Procedural Background

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary. Plaintiff filed her application on January 30, 2012, alleging a disability onset date of October 28, 2010.[1] The Commissioner denied Plaintiff's application at the initial claim

---

[1] October 28, 2010 is the day day after the Commissioner denied her previous disability applications. The Court makes this observation not to suggest that the denial of her previous applications has any bearing on her present

level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing, and on April 25, 2013, issued his decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin,* 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin,* 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## Analysis

The Commissioner follows a five-step sequential evaluation process[2] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

application, but to differentiate the previous administrative adjudication (R. at 38-46) from the one at issue in this case (R. at 20-30).

[2] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A).

Plaintiff contends the ALJ erred by: (1) failing to give controlling weight to a Medical Source Statement – Mental ("MSS-M") submitted by her treating physician, or he failed to properly explain why he did not give it controlling weight; and (2) by failing to base his RFC determination on substantial medical evidence in the record, or he failed to adequately explain how the medical evidence supported his RFC.  These claims are without merit.

**A.     The ALJ did not err in weighing the opinion of Plaintiff's treating physician.**

Plaintiff's primary argument is that the ALJ erred by not giving controlling weight to an MSS-M completed by her primary care physician, Dr. Reed Click, M.D.  Pl.'s Br. (Doc. 7) at 15. Although Dr. Click treated Plaintiff from February 22, 2011, to February 19, 2013, the ALJ gave more weight to the opinions of two non-examining doctors.  Plaintiff contends the ALJ failed to show how Dr. Click's opinions were not supported by, or were inconsistent with, substantial evidence in the record.  *Id.* at 20.

Where the record contains differing medical opinions, it is the ALJ's responsibility to resolve conflicts among them.  *Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008).  The ALJ must assign controlling weight to a treating physician's opinion if that opinion is well-supported and consistent with other evidence in the record.  20 C.F.R § 416.927(c)(2).  In evaluating a medical opinion, the ALJ should consider the length, frequency, nature, and extent of the treatment relationship, supportability, consistency with the record as a whole, specialization of

---

determination of disabled or not disabled can be made at any step."  *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 416.920(a)–(g).  Through Step Four of the analysis the claimant bears the burden of showing that he is disabled.  After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform.  *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

the treating source, and other factors supporting or contradicting the opinion. *Id.* "[A]n ALJ may credit other medical evaluations over that of the treating physician when such other assessments are supported by better or more thorough medical evidence." *Martise v. Astrue*, 641 F.3d 909, 925 (8th Cir. 2011). If an ALJ discounts a treating physician's opinion, he must give "good reasons" for doing so. *Dolph v. Barnhart*, 308 F.3d 876, 878-79 (8th Cir. 2002).

Here, the ALJ gave good reasons for discounting Dr. Click's opinion. First, in evaluating the doctor's specialization and the nature and extent of the treatment relationship, the ALJ noted that Dr. Click was a family practitioner who was assessing impairments outside his area of expertise in evaluating Plaintiff's mental abilities on the MSS-M. R. at 28, 319-20. Where a medical source provides an opinion outside his or her specialty, the opinion is generally entitled to less weight. *Brown v. Astrue*, 611 F.3d 941, 953 (8th Cir. 2010).

Second, Dr. Click's opinions were rendered without performing any mental examinations, testing, or measurements of any kind. R. at 28, 323, 357, 378. On the contrary, Dr. Click appeared to rely solely on Plaintiff's self-reported mental symptoms in filling out the MSS-M, thus the ALJ was entitled to give his opinion less weight. *See Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007). Relying on a MSS-M based on Plaintiff's self-reported symptoms would have been especially problematic in this case, since the ALJ found she was "not credible" and that her descriptions of her limitations were "generally inconsistent and unpersuasive," findings which Plaintiff does not contest.[3] R. at 25.

Accordingly, the ALJ did not err in weighing the opinion of Plaintiff's treating physician.

---

[3] The ALJ found Plaintiff's statements concerning the limiting effects of her symptoms not credible to the extent they were inconsistent with his RFC determination because: (1) her activities of daily living were inconsistent with the degree of impairment alleged; (2) her statements were inconsistent with the objective medical evidence; (3) her inconsistent reports about her alcohol use and legal difficulties suggested she was not being entirely candid; and (4) she had a somewhat sporadic work history with few years of substantial earnings even before the onset of her alleged disability which brought into question her motivation to work and thus her credibility. R. at 27-28.

**B.  The ALJ properly formulated Plaintiff's RFC.**

Related to the above, Plaintiff argues that the ALJ failed to properly determine her RFC because he improperly discredited Dr. Click's opinion.  He also argues the ALJ did not adequately explain how the various medical opinions and medical evidence supported his RFC.

For the reasons discussed above, the Court holds the ALJ did not improperly discredit Dr. Click's opinion.

The Court further finds that the ALJ's opinion adequately linked the evidence in the record with his RFC determination.  As a threshold matter, although the ALJ's RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, and cite specific evidence, the ALJ need not follow each RFC limitation with a *list* of the specific evidence on which the ALJ relied.  SSR 96-8p.  Such a requirement is inconsistent with the standard of review which mandates the court's decision be based on "all of the relevant evidence."  *Cf. McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000) (discussing the applicable standard of review).

In this particular case, the ALJ spent four full pages explaining why Plaintiff was capable of performing light work with the other restrictions he prescribed. R. at 24-28.  As part of his discussion he: made a detailed credibility finding, determined how each of Plaintiff's severe impairments affected her ability to work, examined what her daily activities indicated her limitations were, and compared the different medical opinions with other evidence in the record. R. at 24-28.  This discussion adequately explained his RFC determination, and the determination itself is supported by the record.  In short, there is no error here.

## Conclusion

Substantial evidence on the record supports the Commissioner's decision, and so the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:     February 26, 2016            /s/ Greg Kays
                                      GREG KAYS, CHIEF JUDGE
                                      UNITED STATES DISTRICT COURT